UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEVEN D. STEWART,

            Plaintiff,

v.

DR. REY PALOP, CANDACE WHITMAN, LISA ALBRECHT, and NURSE KUERN,

            Defendants.

Case No. 25-CV-1014-JPS

ORDER

Plaintiff Steven D. Stewart, an inmate confined at Oakhill Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights by failing to provide him adequate medical treatment. ECF No. 1. Plaintiff paid the filing fee in full. This Order screens Plaintiff's complaint.

1. **FEDERAL SCREENING STANDARD**

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir.

2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## 2. PLAINTIFF'S ALLEGATIONS

Plaintiff brings this case against Defendants Dr. Rey Palop ("Palop"), Candace Whitman ("Whitman"), Lisa Albrecht ("Albrecht"), and Nurse Kuern ("Kuern"). ECF No. 1 at 1. Plaintiff alleges that Defendants, medical staff at Fox Lake Correctional Institution ("FLCI"), failed to provide him adequate medical treatment. ECF No. 1 at 3. Plaintiff was taken to the University of Wisconsin Urology Clinic on June 3, 2022 for video urodynamic. *Id.* At the time, Plaintiff tested positive for a urinary tract infection ("UTI"), and the urodynamic tests was cancelled. *Id.* The UW urology nurse called FLCI health staff and asked when Plaintiff had started

the prescribed antibiotics. *Id.* at 3–4. The staff admitted that Plaintiff had started the antibiotics a week earlier. *Id.* at 4. Albrecht told the complaint department that this was not true. *Id.* Palop, Whitman, Albrecht, and Kuern are all responsible for Plaintiff's UTIs because Plaintiff should have been catharized every thirty days and he should have received his urinalysis quicker. *Id.* Albrecht lied to the ICE on June 15, 2022. *Id.* As a result of Defendants' actions, Plaintiff suffered urinary tract infections, headaches, nausea, kidney pain, bladder spasms, respiratory depression, and gastric pains. *Id.*

Additionally, UW records show that Plaintiff is allergic to Amoxicillin and Ibuprofen. *Id.* For unknown reasons, Palop prescribed Amoxicillin on July 19, 2022, despite clear records showing Plaintiff's allergy. *Id.*

3.   ANALYSIS

The Court finds that Plaintiff may proceed against Palop, Whitman, Albrecht, and Kuern on an Eighth Amendment deliberate indifference claim for their indifference to Plaintiff's serious medical need. The Eighth Amendment secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (internal quotation omitted). Deliberate indifference claims contain both an objective and a subjective component: the inmate "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a 'sufficiently culpable state of mind,' i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–63 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)). "A delay in

Page 3 of 7
Case 2:25-cv-01014-JPS   Filed 09/18/25   Page 3 of 7   Document 6

treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (citing *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)). The length of delay that is tolerable "'depends on the seriousness of the condition and the ease of providing treatment.'" *Id.* (quoting *McGowan*, 612 F.3d at 640).

At the screening stage, the Court finds that Plaintiff's allegations are sufficient to proceed against Palop, Whitman, Albrecht, and Kuern. Plaintiff alleges improper medical treatment related to his UTI and catheter. As such, Plaintiff may proceed against Palop, Whitman, Albrecht, and Kuern on an Eighth Amendment deliberate indifference claim for their indifference to Plaintiff's serious medical needs.

The Court will also allow Plaintiff to proceed against Palop, Whitman, Albrecht, and Kuern on a state law claim for negligence. At this early stage, the Court will exercise its supplemental jurisdiction under 28 U.S.C. § 1367(a). To sustain a claim for negligence, Plaintiff must allege "(1) a breach of (2) a duty owed (3) that results in (4) an injury or injuries, or damages." *Paul v. Skemp*, 625 N.W.2d 860, 865 (Wis. 2001). As such, the Court will allow Plaintiff to proceed on a state law claim against Palop, Whitman, Albrecht, and Kuern for negligence.

Finally, the Court would be remiss not to mention that Plaintiff's allegations appear to largely mirror his claims in another case before the Court, *Stewart v. Palop*, 25-CV-391-JPS, aside from adding allegations against Kuern. It is unclear at this junction if consolidation under Federal Rule of Civil Procedure 42 is warranted; either party may raise this issue at a later date if applicable.

## 4. CONCLUSION

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Eighth Amendment claim against Palop, Whitman, Albrecht, and Kuern for their deliberate indifference to Plaintiff's serious medical needs.

**Claim Two:** State law negligence claim against Palop, Whitman, Albrecht, and Kuern for their failure to adequately treat Plaintiff's medical condition.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Defendants should take note that, within forty-five (45) days of service of this Order, they are to file a summary judgment motion that raises all exhaustion-related challenges. The Court will issue a scheduling order at a later date that embodies other relevant deadlines.

Accordingly,

**IT IS ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendants **Palop, Whitman, Albrecht, and Kuern**;

**IT IS FURTHER ORDERED** that under the informal service agreement, Defendants shall file a responsive pleading to the complaint within sixty (60) days;

**IT IS FURTHER ORDERED** that Defendants raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service;

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 18th day of September, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.